CAUSE NO. 3:20M-CV-00583-E

**JENNINGS, *et al.* v. ABBOTT, *et al.***

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION

## PLAINTIFFS' MOTION TO EXTEND TIME FOR SERVICE

Plaintiffs DAPHNEY JENNINGS and DEANDRE JENNINGS respectfully file this Motion to the Honorable Court's Order (Dec. 31, 2020), ordering Plaintiffs to show cause as to why their claims should be retained as to certain unserved defendants.

### I.

### INTRODUCTION

1. Plaintiffs are DAPHNEY JENNINGS and DEANDRE JENNINGS; defendants are GREGORY WAYNE ABBOTT, AMBER DAVIDSON, AMANDA HAINES, JAIME MASTERS, WARREN KENNETH PAXTON, JR, COURTNEY N PHILLIPS, and RHONDA WEST.

2. Plaintiffs sued defendants for claims under 42 U.S.C. § 1983.

3. This suit was filed on March 6, 2020; a summons for each defendant was issued on March 9, 2020.

4. Service on each defendant was to be executed ninety (90) days after the filing of the complaint, or June 4, 2020; such service did not occur.

5. The Honorable Court issued an Order (Dec. 31, 2020), requiring Plaintiffs to show cause as to why their claims as against such unserved defendants should be retained by on the Court's docket.

6. The Order (Dec. 31, 2020) provided notice to plaintiffs of the deficiencies of their failure to take further steps with respect to the unserved defendants, and such notice was after the deadline to seek relief an extension.

## II.

## ARGUMENT

7. A court must grant a request for additional time to serve a defendant on a showing of good cause. Fed. R. Civ. P. 4(m); Brooks v. Johnson, 924 F.3d 104, 120–21 (4th Cir. 2019); *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009).

8. Even if no good cause is shown, a court has discretion to extend the time to serve the defendant. *Kurka v. Iowa Cty.*, 628 F.3d 953, 957 (8th

Cir. 2010); *Lemoge*, 587 F.3d at 1198; *see Henderson v. United States*, 517 U.S. 654, 662 (1996); *Zapata v. City of N.Y.*, 502 F.3d 192, 196–97 (2d Cir. 2007).

9. A court may grant a motion to extend time filed after the deadline if the motion shows proof of good cause and if the failure to act timely was the result of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B); *In re Cendant Corp. Prides Litig.*, 233 F.3d 188, 195–96 (3d Cir. 2000).

10. In determining whether there is excusable neglect, a court should consider the following: (1) the prejudice to the nonmovant, (2) the length of the delay and its potential impact on the judicial proceedings, (3) the reason for the delay and whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith. *Yesudian v. Howard Univ.*, 270 F.3d 969, 971 (D.C. Cir. 2001); *see Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

11. The Court should grant Plaintiffs' request for an extension of time to serve the unserved defendants for a period not less than sixty (60) days from the date of an order granting the same, because:

    a. no prejudice will result to the unserved defendants as a result of any such extension;

    b. the delay in not serving the unserved defendants has

        not been unreasonable and plaintiffs have filed this motion to extend time as soon as they received notice of the need for additional time and that the deadline for service had passed;

c.   the potential impact of the delay on the judicial proceedings is not significant;

d.   the reasons for the delay and the failure to timely take notice of the deficiencies are primarily due, primarily, due to the chaos due to the ongoing COVID-19 pandemic; and

e.   Plaintiffs have acted in good faith, prior to the deadline, by attempting to serve some of the defendants, notwithstanding not successfully executing service, as evidenced by the due diligence affidavits filed immediately prior to the filing of this Motion.

### III.

### CONCLUSION

FOR THE FOREGOING REASONS, Plaintiffs respectfully ask the

Honorable Court to extend the time for Plaintiffs to perfect service or remedy deficiencies in service, on the unserved defendants, by a period not less than sixty (60) days from the date of the Court's order, granting relief in conformity with this Motion.

Respectfully submitted,

Naval H. Patel
State Bar No. 24083629
np@patelfuller.com
Seth A. Fuller
State Bar No. 24064126
sf@patelfuller.com
Patel Fuller, PLLC
1211 E. 15th St.
Plano, TX 75074-6207
P    214-810-3120
F    214-722-6809

*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I, the undersigned counsel, hereby certify that I served a true and correct copy of the foregoing document, together with all exhibits, attachments, notices, and proposed orders thereto, if any, on all counsel of record, via the CM/ECF system.

CERTIFIED TO on January 11, 2021 by:

_____
Naval H. Patel