# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF
# TEXAS DALLAS DIVISION

| | | |
|---|---|---|
| DAPHNEY JENNINGS AND DEANDRE JENNINGS, | § § § § | |
| Plaintiffs, | § § | Civil Action No. 3:20-cv-00583-E |
| v. | § § | |
| GREGORY WAYNE ABBOTT, in his Official Capacity as Governor of Texas, et al., | § § § § § | |
| Defendants. | § § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are motions to dismiss plaintiffs Daphney and Deandre Jennings' Original Complaint filed by defendants Warren Kenneth Paxton, Jr., in his official capacity as Texas Attorney General (Doc. 19), and Gregory Wayne Abbott, in his official capacity as Governor of Texas, Jaime Masters, in her official capacity as Commissioner of the Texas Department of Family and Protective Services (DFPS), and Courtney N. Phillips, in her official capacity as the Executive Commissioner of the Texas Health and Human Services Commission (HHSC) (Doc. 20).[1] Plaintiffs did not respond to the motions. Having considered the motions, defendants' briefing, and applicable law, the Court finds that motions should be granted for the reasons below.

### BACKGROUND

The following is taken from plaintiffs' Original Complaint (Doc. 1). On or about

---

[1] The motion to dismiss filed by Abbott and Masters does not explicitly refer to Phillips as a "State Defendant," but it refers to plaintiffs' complaints regarding the HHSC and plaintiffs have sued these defendants in their official capacities only. Accordingly, the Court construes the motion to dismiss to apply to the claims against Phillips as well.

February 26, 2018, Amber Davidson, a DFPS agent, executed an affidavit in support of a petition for the protection of Daphney in state district court.[2] The following day, the state court entered an Order for Protection of a Child in an Emergency and Notice of Hearing and an Order for Issuance of a Writ of Attachment, along with the Writ of Attachment, commanding law enforcement to take custody of Daphney. Daphne, who was 16-years-old and six-months pregnant, was placed into foster care. A week later, Daphney and Deandre, her boyfriend and the father of her child, married in Oklahoma. Daphney was returned to foster care on or about March 6, 2018 and, on March 9, 2018, DFPS filed a petition to annul the marriage or, alternatively, to declare it void.[3] The court proceedings ultimately were dismissed and plaintiffs' marriage was found to be valid.

According to plaintiffs' complaint, Davidson and Rhonda West, as DFPS caseworkers, and Amanda Haines, as a DFPS supervisor, were responsible for, "among other things, conducting an investigation in accordance with the laws, procedure, and standard established by DFPS, HHSC, and the State of Texas." Further, "the court proceedings were prosecuted or the prosecution of [sic] was supported due to the actions or inactions" of Davidson, West, and Haines.

Plaintiffs assert claims against defendants[4] for false imprisonment and interference with the right of familial association under color of state law under 42 U.S.C. § 1983. They also assert state law claims for intentional infliction of emotional distress and false imprisonment. Plaintiffs complain that they were separated, and Daphney remained in foster care and DFPS

---

[2] Cause No. 85768, in the 354th Judicial District Court of Hunt County, Texas.

[3] Cause No. 85830, in the 354th Judicial District Court of Hunt County, Texas.

[4] Plaintiffs also sued Davidson, West, and Haines in this action; the Court previously dismissed plaintiffs' claims against them (Docs. 10, 21, 22).

custody, while defendants failed or refused to recognize plaintiffs' marriage and litigated for its annulment.

Plaintiffs do not allege that defendants Abbott, Phillips, Masters, or Paxton were involved in this case in any manner. Instead, plaintiffs have sued them in their official capacities, relying on general assertions of their responsibilities: (1) Abbott is "responsible for ensuring that all Texas agencies comply with applicable federal and state law and oversees and directs the activities of the [HHSC] and [DFPS]"; (2) Phillips is responsible for "broad policy- and rule-making authority for HHSC and its constituent agencies"; (3) Masters "is responsible for administering properly and efficiently all DFPS child welfare services and programs"; and (4) Paxton is "charged with prosecuting and defending all actions in which the State of Texas is interested before the Supreme Court and Courts of Appeals." Defendants move to dismiss all of plaintiffs' claims against them for lack of subject matter jurisdiction, asserting the claims are barred by the Eleventh Amendment.

## LEGAL STANDARD

A district court properly dismisses a claim for lack of subject matter jurisdiction under Federal Rule of Civil Procedure Rule 12(b)(1) if the court "lacks the statutory or constitutional power to adjudicate the claim." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig. (Miss. Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012) (citation omitted). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). A court may dismiss for lack of subject-matter jurisdiction based on: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008).

ANALYSIS

Unless immunity is waived by Congress or a state, the Eleventh Amendment bars suit in federal court by a private citizen against a state agency or a state actor in her official capacity. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office … [and] no different from a suit against the State itself"). The State of Texas has not waived its sovereign immunity from section 1983 claims. Nor has Congress abrogated sovereign immunity from section 1983 claims. *See NiGen Biotech, L.L.C. v. Paxton*, 804 F.3d 389, 394 (5th Cir. 2015). Although *the Ex Parte Young* doctrine allows a state official to be sued in her official capacity for prospective, injunctive, or declaratory relief under section 1983, *see Ex Parte Young*, 209 U.S. 123, 159–60 (1908), the doctrine does not apply here where plaintiffs' section 1983 claims against defendants seek only monetary damages. *NiGen Biotech*, 804 F.3d at 394. Because Abbott, Phillips, Masters, and Paxton each were sued in their official capacity as officers of the State of Texas, the Eleventh Amendment bars plaintiffs' section 1983 claims against them. *See, e.g., Thomas v. Tex. Dep't of Family & Protective Servs.*, 427 F. App'x 309, 312–13 (5th Cir. 2011) (per curiam) (affirming dismissal due to sovereign immunity of section 1983 action against DFPS and DFPS employees in their official capacities).

Nor has Texas waived Eleventh Amendment sovereign immunity for state tort claims in federal court. *Sherwinski v. Peterson*, 98 F.3d 849, 851–52 (5th Cir. 1996). Even had plaintiffs brought their state tort claims against defendants in state court, the claims would require dismissal. Although the Texas Tort Claims Act (TTCA) expressly waives sovereign immunity

under certain circumstances,[5] none of those circumstances are present in this case. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.021, 101.025. And, the waiver of sovereign immunity does not apply to claims arising out of intentional torts. *Id*. § 101.057; *Gillum v. City of Kerrville*, 3 F.3d 117, 123 (5th Cir. 1993). Plaintiffs' state law claims for false imprisonment and intentional infliction of emotional distress against defendants in their official capacities are intentional tort claims that do not fall within any of the TTCA's express waivers of sovereign immunity. Because plaintiffs' state law claims also are barred by the Eleventh Amendment, they must be dismissed.

## CONCLUSION

For the reasons stated above, defendants' Motions to Dismiss Plaintiffs' Original Complaint (Docs. 19 & 20) are **GRANTED**. Plaintiffs' claims against Abbott, Phillips, Masters, and Paxton in their official capacities are **DISMISSED** without prejudice for lack of subject matter jurisdiction.

**SO ORDERED**; signed May 11, 2021.

ADA BROWN
UNITED STATES DISTRICT JUDGE

---

[5] Specifically, the TTCA expressly waives sovereign immunity in the instance of: (1) injury resulting from the operation of a publicly-owned automobile by the employee; (2) injury arising out of a condition or use of tangible personal property; or (3) injury arising from a premises defect. *Sampson v. Univ. of Tex. at Austin*, 500 S.W.3d 380, 384 (Tex. 2016) (citing TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.021, 101.025).